**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAHEEM H. ROSS, | ) | CASE NO. ED CV 14-00396 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In an unusual case, the Social Security Appeals Council issued the operative decision, making that decision, not the decision of the Administrative Law Judge, the final decision of the Commissioner. The Court thus reviews that decision, 20 C.F.R. § 404.981, and must uphold it if substantial evidence supports the decision and the Appeals Council applied the correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

The Appeals Council found that Plaintiff retained the residual functional capacity to perform a reduced range of light work. [AR 19-20] Two of the three jobs that the Appeals Council identified, however — the jobs of hand packager and machine feeder — were jobs requiring a medium level of exertion, according to the testimony of the vocational expert. [AR 76] Accordingly, substantial evidence does not support the decision of the Appeals Council that Plaintiff could perform those jobs.

The Appeals Council also stated that Plaintiff could perform "various production work." [AR 19] The Appeals Council did not identify what it meant by "various production work," and that term is quite broad. Although the vocational expert used that term, he also gave an example of what he meant, "such as small products assembler II." [AR 76] The Appeals Council's finding was not explicit on this matter, however, and even if the Court could assume that the Appeals Council meant to find that Plaintiff could perform the job of "small products assembler II," such a finding would not be backed by substantial evidence. The vocational expert testified that the job "is light, unskilled, SVP 2" [AR 76], but Plaintiff was not qualified to perform all jobs that were light; rather, the Appeals Council found that Plaintiff "retains the ability to perform a *reduced* range of light work except he must be able to use a cane to walk as needed." [AR 19, emphasis added] There was no evidence whether the job of "small products assembler II" would be fit for a person who could perform a reduced range of light work, and who must be able to use a cane when he needs to do so. A vocational expert perhaps could give some insight, but he was not asked to do so.

The Appeals Council also stated that it invited submissions from the parties but received none. [AR 18] As Plaintiff points out, the record contains a submission that he did in fact make. [AR 22-30] Plaintiff was entitled to have his submission considered, since it was invited; the Court makes no intimation as to the force of the submission, and it may be that evidence would need to be adduced as to the import of the documentation that Plaintiff submitted through counsel.

In accordance with the foregoing, the decision of the Commissioner is not backed by substantial evidence. The decision therefore is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this memorandum.

IT IS SO ORDERED.

DATED: October 21, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE